IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| Nortel Networks Corporation, *et al.*, | Case No. 09-10164 (KG) |
| Foreign Applicants in Foreign Proceedings. | (Jointly Administered) |

**APPELLEE'S COUNTER-DESIGNATION OF THE RECORD ON APPEAL AND
COUNTER-STATEMENT OF ISSUES PURSUANT TO FED. R. BANKR. P. 8006**

Appellee Ernst & Young Inc. is the court-appointed monitor and authorized foreign representative of Nortel Networks Corporation and certain of its direct and indirect subsidiaries (collectively, the "**Canadian Nortel Group**") in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**").

Pursuant to Fed. R. Bankr. P. 8006, the Appellee hereby submits (i) a counter-designation of the items to be included in the record on appeal, which hereby incorporates by reference those items listed in the Appellants' Designation of Items To Be Included in Record and Statement of Issues To Be Presented on Appeal [Docket Entry No. 285] and (ii) a counter-statement of the issues on appeal from the Order denying Lead Plaintiffs' Motion for Limited Modification of Stay (A) to Allow Service of a Document Preservation Subpoena and (B) to Pursue the Securities Litigation under 11 U.S.C. § 1522(c) entered by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on March 2, 2010 [Docket Entry No. 265].

## I. Designation of the Items to be Included in the Record on Appeal

The Appellee hereby designates the following items to be included in the Record on Appeal:

|   | TITLE | DATE FILED | DOCKET NO. |
|---|---|---|---|
| 1. | Verified Petition for Recognition of Foreign Proceedings | Jan. 14, 2009 | 1 |
| 2. | Memorandum of Law in Support of Chapter 15 Petitions for Recognition of Foreign Proceedings and Related Relief | Jan. 14, 2009 | 5 |
| 3. | Affidavit of Ken Coleman in Support of Petitions for Recognition of Foreign Proceedings | Jan. 14, 2009 | 6 |
| 4. | Notice of Filing of Amended and Restated Initial Order | Feb. 10, 2009 | 29 |
| 5. | Notice of Filing of the Second Amended and Restated Initial Order and Endorsement of the Ontario Court in the Canadian Proceedings | April 10, 2009 | 63 |
| 6. | Notice of Filing of Third Amended and Restated Initial Order | June 10, 2009 | 110 |
| 7. | Notice of Filing of Endorsement of the Ontario Court in the Canadian Proceedings | Aug. 21, 2009 | 142 |
| 8. | Notice of Filing of Order of the Ontario Court in the Canadian Proceedings | Sept. 9, 2009 | 161 |

## II. Statement of the Issues to Be Presented on Appeal

The Appellee submits the following issues to be presented on appeal:

1. Whether the Bankruptcy Court was clearly erroneous in finding that, due to principals of international cooperation and comity, the Appellants should have first sought relief from the stay in the Ontario Court before seeking such relief in the Bankruptcy Court, given that the stay was created pursuant to the Initial Order of the Ontario Court and enforced in the US through the Bankruptcy Court's Order Granting Recognition and Related Relief.

2. Whether the Bankruptcy Court was clearly erroneous in finding that the Appellants' request for relief from the stay for the purpose of serving a document subpoena on a Canadian company in the Canadian Proceedings is an issue for determination by the Ontario Court, not the Bankruptcy Court.

3. Whether the Bankruptcy Court was clearly erroneous in finding that the Appellants' request for relief from the stay for the purpose of pursuing securities litigation that is the basis for a claim filed by the Lead Plaintiffs against the Canadian Nortel Group in the Canadian Proceedings should have, in the first instance, been brought before the Ontario Court.

4. Whether the Bankruptcy Court erred in finding, and no reasonable trier of fact could have found, that the relief from the stay sought by the Appellants would have a "significant" impact on the Canadian Nortel Group.

5. Whether the Bankruptcy Court erred in finding, and no reasonable trier of fact could have found, that the Appellants failed to meet their burden under 11 U.S.C. § 1522(a).

Dated: April 9, 2010
     Wilmington, Delaware

ALLEN & OVERY LLP

Ken Coleman
Lisa Kraidin
1221 Avenue of the Americas
New York, New York 10020
Telephone (212) 610-6300
Facsimile (212) 610-6399
ken.coleman@allenovery.com
lisa.kraidin@allenovery.com

-and-

BUCHANAN INGERSOLL & ROONEY

By: <u>/s/ Mary F. Caloway</u>
Mary F. Caloway (No. 3059)
Mona. A. Parikh (No. 4901)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801
Telephone (302) 552-4200
Facsimile (302) 552-4295
mary.caloway@bipc.com
mona.parikh@bipc.com

*Attorneys for Ernst & Young Inc., as Monitor
and Foreign Representative of the Canadian Nortel
Group*